Eastern District of Kentucky
F I L E D

FEB 1 2 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

MICHAEL D. SMITH,                    )
                                     )
        Petitioner,                  )        Civil No. 0:19-005-HRW
                                     )
v.                                   )
                                     )
J. C. STREEVAL, Warden               )        **MEMORANDUM OPINION**
                                     )        **AND ORDER**
        Respondent.                  )

*** *** *** ***

Petitioner Michael D. Smith is an inmate currently confined at the Federal
Prison Camp ("FPC") – Ashland located in Ashland, Kentucky. Proceeding without
counsel, Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241 requesting "emergency relief" in the form of immediate release to
home detention in accordance with the "Elderly Offender Home Detention" Program
pursuant to the First Step Act of 2018. [D.E. No. 1]

This matter is before the Court to conduct the initial screening required by 28
U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545
(6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and
any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules
Governing § 2254 Cases in the United States District Courts (applicable to § 2241
petitions pursuant to Rule 1(b)).

1

In July 2011, after being convicted of one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and multiple separate counts of mail fraud in violation of 18 U.S.C. § 1341, Smith was sentenced to a total term of 120 months imprisonment. *United States v. Smith*, No. 3:08-CR-31-JMH-HAI-1 (E.D. Ky.). Smith is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP") on April 30, 2020. *See* https://www.bop.gov/inmateloc/ (last visited on February 11, 2019).

In his petition, Smith contends that he is entitled to immediate release to home confinement pursuant to the "Elderly Offender Home Detention (EOHD)" Pilot Program of § 603(a) of the First Step Act of 2018. According to Smith, § 603(a) reauthorized 34 U.S.C. § 60541(g) of the Second Chance Act of 2007, from January 1, 2019 through December 31, 2023, expanding eligibility for the program to include inmates over 60 years of age that have served 2/3 (or 66.6%) of the full term of their sentences. [D.E. No. 1-1 at p. 1] According to Smith, he has met or exceeded all of the requirements for relief, thus he should immediately be released to home detention. [*Id.* at p. 1-2]

In addition, Smith argues that the First Step Act increased the maximum allowable good conduct time from 47 to 54 days per year. The Act, enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which such credits are calculated. Smith argues that applying the Act to him allows for an

2

additional 70 days of good conduct time, which would advance his projected release date to February 18, 2020. He then asserts that the Second Chance Act of 2007 (further clarified by Section 602 of the First Step Act) requires that he be placed in home confinement six months before his release date. [D.E. No. 1-1 at p. 2] However, he states that his case manager has refused to properly request home detention and "instead continues to dictate Halfway Way House confinement which I do not need nor am willing to accept." [*Id.*]

According to Smith, although he has made requests to be immediately released on home confinement to prison staff, prison staff have not acted on these requests, thus failing to comply with the requirements of the First Step Act. [D.E. No. 1 at p. 2] He admits that he has taken no further steps to appeal any decision, file a grievance or otherwise pursue his administrative remedies with respect to his home confinement request. [*Id.*]

However, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). This case underscores the importance one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Without a full administrative record

explaining the BOP's actions and the reasons therefore, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition. Because Smith concedes that he did not pursue, much less exhaust, his administrative remedies prior to filing his petition, dismissal of his petition without prejudice is warranted.

However, in addition, although home confinement is a helpful resource for readjustment to society, a federal prisoner does not have a constitutionally protected right to serve any amount of time in home confinement. Although the Second Chance Act, Pub.L. No. 110–199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to authorize the BOP to *consider* placing an inmate in home confinement for up to twelve-months, it does not automatically entitle, or guarantee, any prisoner such placement for any minimum amount of time. *See Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015); *Harris v. Hickey*, No. 10-cv-135-JMH, 2010 WL 1959379, at *3 (E.D. Ky. May 17, 2010). Indeed, "the decision to place an inmate in pre-release community confinement and/or home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)).

4

Moreover, the BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Regardless, because Smith candidly states that he has failed to pursue the administrative remedy process that is available to him, it is evident from the face of his petition that he did not exhaust his administrative remedies prior to filing suit. Thus, he has failed to establish a right to habeas relief and his petition will be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Michael Dale Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This /o\_\_ day of February, 2019.



**Signed By:**
**Henry R. Wilhoit, Jr.**
**United States District Judge**

5